**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DANIEL YOUNG,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:13-cv-1268 |
| | : | |
| **P. H. GLATFELTER COMPANY,** | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §1441, Defendant P.H. Glatfelter Company (hereinafter "Defendant") hereby gives notice of its removal of the within action from the Common Pleas Court of Ross County, Ohio to the United States District Court for the Southern District of Ohio, Eastern Division.  As grounds therefore, Defendant states this case is a civil action subject to removal to this Court on the basis that it raises a federal question, and further states as follows:

**1.** On November 21, 2013, Plaintiff Daniel Young commenced a civil action against Defendant in the Common Pleas Court of Ross County, Ohio, where it was docketed as Case No. 13CI000634.  A copy of the Summons and Complaint, which were served on Defendant, are attached hereto as Exhibit A.  No other pleadings or discovery have been served or filed in this action, nor has any court order been entered.

**2.** A copy of this Notice of Removal, with accompanying exhibit, and a Notice to State Court of Removal are being served upon Plaintiff and will be filed with the Clerk for the Ross County Common Pleas Court promptly after the filing of this Notice of Removal with this Court, in accordance with the provisions of 28 U.S.C. §1446(d).

3. This case is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1331 and 29 U.S.C. §1132(e)(1); and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. §§1441 and 1446 in that it raises a federal question.

4. The allegations set forth in Plaintiff's Complaint demonstrate that this is a civil action seeking benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act, 29 U.S.C. §1001, *et seq*. ("ERISA").  Specifically, the Complaint alleges:

   a. "Glatfelter provides as a company benefit Short Term Disability income (STD) and Long Term Disability (LTD).  Both disability insurance plans are administered by Cigna but the plans are Glatfelter self-funded obligations." (Complaint, ¶7).

   b. "Young then applied for LTD benefits but Glatfelter via Cigna has denied his claim for benefits." (Complaint, ¶9).

   c. "Glatfelter breached their contract for LTD benefits with Young by wrongfully denying his benefits under the LTD Plan." (Complaint, ¶13).

   d. [P]laintiff "Daniel Young prays for judgment against defendant P. H. Glatfelter in an amount sufficient to compensate him for past lost LTD benefits, for judgment ordering Glatfelter to pay future benefits pursuant to the LTD contract, and for all other relief just and proper in the premise." (Complaint, p. 2).

5. Although the Complaint alleges breach of contract, the allegations fall within the scope of a claim pursuant to 29 U.S.C. §1132(a)(1)(B). (Complaint, ¶3).  That section of ERISA provides "A civil action may be brought by a participant or beneficiary—to recover benefits due

to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

6. "[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption, the state claim can be removed." *Aetna Health Inc. v. Davila,* 542 U.S. 200, 207 (2004). Plaintiff's claim is completely preempted by 29 U.S.C. §1132(a)(1)(B), so this action may be removed to federal court because the completely preempted state-law claim "arises under" federal law. *Wright v. Gen. Motors Corp.*, 262 F.3d 610, 613 (6th Cir. 2001).

7. This is a civil suit brought in the Common Pleas Court for Ross County, Ohio, and, accordingly, under 28 U.S.C. §§115, 1441(a) and 29 U.S.C. §1132(e)(2), the Eastern Division of the United States District Court for the Southern District of Ohio is the proper forum for removal.

8. Fewer than thirty (30) days have elapsed since Defendants were served with the Complaint and Summons herein, making this removal timely pursuant to 28 U.S.C. §1446(b).

9. All Defendants to this Action have joined in and consented to the filing of this Notice of Removal and join in the removal of the action from the State Court.

10. This Notice of Removal has been signed by counsel for Defendant, in compliance with the requirements of 28 U.S.C. §1446(a) and Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant respectfully removes this action from the Common Pleas Court for Ross County, Ohio to this Court in accordance with the foregoing statutory provisions.

Respectfully submitted,

*/s/ Daniel W. Srsic*
Daniel W. Srsic  (#0064177)
LITTLER MENDELSON, P.C.
21 East State Street, 16th Floor
Columbus, OH  43215-4228
Telephone:    614.463.4213
Facsimile:     614.573.9812
E-mail:         dsrsic@littler.com
*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

It is hereby certified that, on this 26th day of December, 2013, the foregoing *Defendant's Notice of Removal* was filed via the Court's electronic filing system.  Notice of filing will be performed by the Court's electronic filing system, and Parties may access the document through the electronic filing system.  It is also hereby certified that, on this 26th day of December, 2013, the foregoing was sent, via regular U.S. mail, to the following:

Michael Wm. Warren, Esq.
WARREN LAW FIRM
6 Consumer Center Drive
Chillicothe, OH  45601
*Attorney for Plaintiff Daniel Young*

*/s/ Daniel W. Srsic*
Daniel W. Srsic

Firmwide:124693816.1 037535.1000
12/26/13